NOVEL BLAIR

*v.*

JAMES N. READING *et al.*

*Ottawa, September Term, 1880.*

PRACTICE IN THE SUPREME COURT—*time of filing briefs and abstracts.* A cause pending upon writ of error was continued upon the ground that there was no evidence of service of the *scire facias.* Subsequently it was made to appear that service was had in due time, and thereupon the defendant in error moved that the continuance be set aside, and that the judgment be affirmed, because the plaintiff in error had failed to file abstracts and briefs as required by the rule: *Held,* it was not the duty of the plaintiff to file abstracts and briefs, unless the other party were in court, and having no notice of the service of the *scire facias* on the call of the cause, he was not in default by reason of the omission.

WRIT OF ERROR to the Appellate Court for the Second District.

Upon the call of the docket this cause was continued, for the reason there was no evidence of service of the *scire facias,* the writ not having been returned. After the order of continuance was entered, the defendants in error produced to the court the writ of *scire facias,* showing service in due time upon all the defendants except one, and thereupon moved the court to set aside the order of continuance, and that the judgment of the court below be affirmed, because of the failure of the plaintiff in error to file abstracts and briefs, as required by the rules of this court.

Messrs. HILL & DIBELL, for the motion.

Mr. B. C. COOK, Mr. W. T. HOPKINS, and Messrs. BULKLEY & JUDD, *contra.*

CRAIG, J.: We do not understand it to be the duty of the plaintiff in error to file his abstracts and briefs, unless the other party is in court. The plaintiff was present in court on

the day the cause was called, and had no notice, or any evidence that there had been any service. Under the circumstances the plaintiff in error can not be considered as in default by reason of not having filed his abstracts and briefs.

*Motion denied.*