THOMAS J. ROBINSON,

Appellant from the Decree of the. Judge of Probate.

Androscoggin.    Opinion March 30, 1917.

*R. S., 1916, Chap. 87, Sec. 37, interpreted. Power of court under such statute. Meaning of term "vacation" as to filing or rendering judgment "in vacation." Effect of filing a decree after the next term of court has begun, where the docket entry shows that such decree was to be filed during the term then in session or in vacation as of the term.*

Where a case is heard by the Justice presiding at a term of court and it is stipulated by the parties that the decision may be "given and entered during the term or in vacation as of the term," there must be strict conformity and no entry of the decision can be made after the expiration of the vacation.

Under Chap. 305, Public Laws, 1915, (R. S., 1916, Chap. 87, Sec. 37), providing that a Justice of the Supreme Judicial Court or Superior Court may in vacation render judgment heard by him in term time, such Justice obtains no power to render judgment in such a case at the term occurring subsequent to the expiration of the vacation.

Probate appeal from the decree of the Judge of Probate, Androscoggin County. Appeal was entered at the April term, 1916, of the Supreme Court of probate for said county of Androscoggin. At said

term certain rulings were made by the Justice presiding, certain agreements and stipulations were entered into and it was agreed by all parties interested that the decision of the presiding Justice might be given and entered during said term or in vacation as of the term. Exceptions were filed to certain rulings of the Justice presiding. Exceptions sustained.

Case stated in opinion.

*W. H. Judkins,* for appellee.

*McGillicuddy & Morey,* for appellant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, MADIGAN, JJ.

BIRD, J. This appeal to the Supreme Court of Probate from the decree of the Judge of Probate of Androscoggin County was heard by the Justice presiding at the April term, 1916, of the Supreme Court of Probate, and this stipulation was entered upon the docket by agreement of parties—"the decision is to be given and entered during the term or in vacation as of the term."

The presiding Justice, reached a conclusion during the vacation following the April term, 1916, but by reason of misapprehension on the part of the Justice and the confusion of counsel, the decree, embodying his decision, was not received in the clerk's office until the third day of the September term, 1916. By order of the court, the decree was entered at the September term against the objection of the appellee who had exceptions.

Without considering the effect of the stipulation entered upon the docket by agreement of parties, *Powers* v. *Mitchell,* 75 Maine, 364, 369, 370; *Gurdy, appellant,* 103 Maine, 356, 360; *Bates* v. *Gage,* 40 Cal., 183; *Francis* v. *Wells,* 4 Colo., 274; *State* v. *Parsons,* 115 N. C., 730; *Dinsmore* v. *Smith,* 17 Wis., 20; *Daggett* v. *Emerson,* 1 Wood & M., 1; 7 Fed. Cas., No. 3961, it is clear that the entry of the decree was not made in accordance with the stipulation. Not only was the decision to be made during the term, when heard, or the vacation, but it was to be entered during the term when heard, or in vacation, as of that term. There must be strict conformity. *Patterson* v. *Hendrix,* 72 Ga., 204; *Bean* v. *Reading,* 96 Ill., 130.

By Chap. 305, Public Laws, 1915, (R. S., 1916, Chap. 87, Sec. 37), it is provided that any Justice of the Supreme Judicial Court may in vacation render judgment heard by him in term time. Undoubtedly

the enactment means that he may in vacation render judgment in a matter or cause heard by him in term time next preceding such vacation. Does this give authority to the presiding Justice, or the court, to render or enter judgment at the term following the vacation? We think not. While the statute may be regarded as remedial, to so hold would render it necessary to import new terms into the statute. It is sufficient, indeed, to note that the statute makes no mention of the term following the vacation. Expression of one is exclusion of the other. Undoubtedly the legislature made use of the term vacation as meaning the period of time between the end of one term and the beginning of another. *Brayman* v. *Whitcomb*, 134 Mass., 525, 526; See *Hasten* v. *B. & O. R. R.*, 115 Maine, 205, 206.

> *The exceptions must be sustained and it is so ordered.*