JOHN J. NISSEN vs. PATRICK H. FLAHERTY.

Cumberland.    Opinion December 19, 1918.

*Right to allowance of exceptions.    Statutory enactment in relation to same.    Powers*
*and rights of Law Court as governed by Statute.*

This is a petition to establish the truth of certain exceptions alleged to have been
taken to the ruling of the Justice of the Superior Court in the County of Cumber-
land, and who, upon presentation, refused to allow them.

*Held:*

1.    The right to establish exceptions is a statutory proceeding.    Neither the court
below nor the Law Court have any jurisdiction or power beyond the express
jurisdiction of the statutes.

2.    We find no statute which provides for the establishment of the truth of excep-
tions from either of the Superior Courts.

Petition under R. S., Chap. 82, Sec. 56 and Rule 43 of Supreme
Judicial Court to establish the truth of certain exceptions to the rul-
ings of the Justice of the Superior Court, Cumberland County.    The
moving party in the matter of exceptions was the defendant in an
action entered at the Superior Court, Cumberland County.    The
plaintiff filed motion to amend his writ, which motion was allowed by
the Justice presiding.    To the ruling of the Justice granting the
amendment, the present plaintiff filed exceptions, which were not
allowed by the court.    Judgment in accordance with opinion.

Case stated in opinion.

*Carroll L. Beedy*, for plaintiff.

*William H. Gulliver, and William B. Mahoney*, for defendant.

SITTING:  SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

SPEAR, J.    This is a petition to establish the truth of certain
exceptions alleged to have been taken to the ruling of the Justice of
the Superior Court in the County of Cumberland, and who, upon
presentation, refused to allow them.

It is unnecessary to further state the facts in the case as the question, upon the above statement, becomes one of purely statutory solution.

The question, whether the petition comes within any provision of the statute, seems to be conclusive upon the defendant. The right to establish exceptions is a statutory proceeding. Neither the court below nor the Law Court have any jurisdiction or powers beyond the express provisions of the statute. *Cole* v. *Cole,* 112 Maine, 315.

This case comes from the Superior Court in the County of Cumberland. We find no statute which provides for the establishment of the truth of exceptions from either of the Superior Courts. The petitioner's proceedings are brought under R. S., Chap. 82, Sec. 55, and Rule 43 of the Supreme Judicial Court.

In civil cases neither the statute nor the rule purport to cover any proceeding in the Superior Courts. With reference to the statute it is so specifically held in *Cole* v. *Cole,* 112 Maine, 316. Rule 43 was made to carry out the statute. But the rule cannot broaden the statute. Hence, if the statute does not apply, the rule does not. Nor by necessary implication do we find any statute that applies. Prior to 1893 there was no statutory right to establish the truth of exceptions from any court. Chap. 174, Public Laws of 1893, giving the right, amended R. S., 1883, Chap. 77, Sec. 51. This section applied to a court held by "one Justice" of the Supreme Court. But, two of the Superior Courts were established long prior to this date. The omission therefore to include the Superior Courts must be regarded as intended on the part of the legislature; and this omission is emphasized by the provision, in the section amended, that "this section applies to criminal proceedings in either of the Superior courts."

This distinction is expressly noted in *Cole* v. *Cole.* The court say: "But sec. 55 relates, in civil cases, only to the procedure in the Supreme Judicial Court. The distinction is marked in the statute, for it is declared that the section is to apply 'to exceptions filed in any criminal proceedings in either of the superior courts.' The implication is that it does not apply in other cases. This is not a criminal proceeding."

Section 95 does not apply to a criminal proceeding, being inconsistent with Section 55 in this regard.

Inasmuch as the proceeding herein sought must be based wholly upon statutory provision, and no such provision is found, the entry must be,

　　　　　　　　　　　　　　　　　　*Petition dismissed.*