## Lee A. Friend, Appellee, v. William Borrenpohl, Appellant.

1. JUDGMENTS—*jurisdiction to render judgment in vacation.* In the absence of statute, a trial judge has no jurisdiction to render judgment in vacation, nor can such jurisdiction be given by a stipulation of parties made otherwise than as directed by statute.

2. JUDGMENTS—*sufficiency of stipulation for entry in vacation.* A stipulation between parties for judgment in vacation must be for a final judgment, to make the judgment effective as meeting the requirements of Cahill's St. ch. 37, ¶ 112.

3. JUDGMENTS—*after what term entered in vacation.* A judge, upon taking a case under advisement, has no jurisdiction to enter judgment in any other vacation than that immediately succeeding the term at which the cause was submitted.

4. APPEAL AND ERROR—*from void judgment as demanding dismissal.* An appeal will be dismissed where it is taken from a judgment void by reason of not being entered until the second vacation after the term at which the cause was submitted, as the judge had no authority to grant an appeal or fix an appeal bond in such case.

5. APPEAL AND ERROR—*when damages not assessed.* Damages will not be assessed against one appealing from a judgment which was void because of not being entered until the second vacation after the term at which the cause was submitted.

Appeal by defendant from the Circuit Court of Washington county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the October term, 1927. Appeal dismissed and damages denied. Opinion filed November 5, 1927.

JUNE C. SMITH, for appellant.

H. H. HOUSE and NOLEMAN & SMITH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This case was tried at the October term, 1926, before the court, without a jury, and was taken under advisement. At that time a stipulation was entered of record to the effect that each party should file his brief by a certain time; that when the judge reached a conclusion he should send his findings and a memorandum of his judgment to the clerk of the court, and that the findings and judgment should be entered by the clerk as of the date of the trial.

In vacation, after the April term of the trial court, the judge. sent his findings, etc., to the clerk with instructions to enter the same of record upon receipt thereof, as of the date of the trial. Instructions as to the appeal orders were also given to the clerk. The clerk entered the findings, judgment and appeal orders in vacation on September 9, 1927, as of October 27, 1926. That was the second vacation after the cause was taken under advisement. The judgment so entered was for $5,900. Defendant filed his appeal bond and is perfecting his appeal to the next term of this court.

At the present term appellee filed a short record showing what had occurred, as above stated, and moved for a dismissal of the appeal and for the assessment of damages. The trial judge had no jurisdiction or authority to enter judgment in vacation, in a case of this kind, other than such as is conferred by sections 30 and 31 of the Circuit Courts Act (Callaghan's Ill. St. An. Ch. 37, Pars. 111 and 112; Cahill's St. ch. 37, ¶¶ 111 and 112) which read as follows:

"When a cause or matter is taken under advisement by a judge of the circuit court, or of the superior

court of Cook county, and the cause or matter is decided in vacation, the judgment, decree or order therein may be entered of record in vacation, but such judgment, decree or order may, for good cause shown, be set aside, or modified, or excepted to, at the next term of the court, upon motion filed on or before the second day of the term, of which motion the opposite party or his attorney shall have reasonable notice. If not so set aside or modified, it shall thereupon become final.''

''If it is stipulated, of record, that a judgment, decree or order so entered of record shall be final, then such judgment, decree or order shall have the same force and effect as if it had been entered at the term preceding the time it is entered, subject to the right of appeal or writ of error: *Provided,* it shall not take effect as a lien, except from the date of the entry thereof.'' Appellee says that the first of these sections has no application because the parties stipulated of record that a judgment might be rendered in vacation as of the date of the trial. There was no stipulation that the judgment when entered in vacation should be final and for that reason there was no compliance with the second section above quoted. In the absence of a statute no judgment can be rendered by a judge in vacation. The parties could not confer any jurisdiction upon the trial judge that was not conferred by the statute. 33 C. J. 965. Neither section of the statute was complied with. The statute is the sole measure of a judge's authority to enter orders in vacation. *People ex rel. Swigart v. Golden Rule,* 114 Ill. 44.

We are of the opinion that the legislature intended to authorize the judge to take a case under advisement and to confer jurisdiction upon him to enter judgment during the vacation immediately succeeding the term of court at which the cause was submitted. We cannot believe that the statute was intended to allow

a judge to hold a case under advisement until one or more succeeding terms of the same court shall have passed, and to then enter a judgment in vacation. We are convinced that the vacation referred to in the statute is that immediately following the term of the court at which the cause was submitted and taken under advisement. If a judge may hold a case under advisement during a vacation succeeding the next term of court he might hold it over for several terms and finally enter judgment in vacation several years after the cause was submitted. Such a construction would lead to complications and confusion, and is unreasonable.

We are not wholly without authority. A Maine statute provided that any justice of the Supreme Judicial Court may in vacation render judgment heard by him in term time. The court said: "Undoubtedly the enactment means that he may in vacation render judgment in a matter or cause heard by him in term time next preceding such vacation." *In re Robinson,* 116 Me. 125, 100 Atl. 373. In the case at bar the judge caused a purported judgment to be entered during the second vacation after the term of court at which the cause was taken under advisement. The judgment was entered at a time not authorized by the statute and is null and void, as the judge was without jurisdiction to enter it. The motion to dismiss the appeal must be allowed as the judge had no authority to grant an appeal or fix the amount of the appeal bond. The judgment being absolutely null and void for want of jurisdiction, it is the same as if no judgment had been rendered. For that reason it would be improper to assess damages against appellant.

*Appeal dismissed and damages denied.*