LEE A. FRIEND, Plaintiff in Error, *vs.* WILLIAM BORREN-POHL, Defendant in Error.

*Opinion filed April 21, 1928.*

1. PRACTICE—*what is not a stipulation for entering final judgment.* A stipulation that a cause may be "decided by the court at such time as the court may determine" and that the judgment and findings be entered by the clerk as of the date of the stipulation is not a stipulation for a final judgment and as waiving the right, where the cause is decided in vacation, to move at the succeeding term to set the judgment aside, or as waiving the right of appeal.

2. SAME—*when the cause may be decided in vacation under section 30 of Circuit Court act.* Section 30 of the Circuit Court act, providing for the entering of judgments in vacation, does not require that the cause be decided during the vacation immediately following the term at which the cause was submitted, as circuit judges will be presumed to do their sworn duty in deciding cases as promptly as possible under the circumstances and within a reasonable time after submission; and where a cause is submitted at an October term and the parties have stipulated that the cause be "decided by the court at such time as the court may determine," the judgment is not void because not rendered until the vacation following the next April term, but is valid and becomes final and subject to appeal after the second day of the next term, in the absence of a motion to modify or set it aside.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Washington county; the Hon. F. ROY DOVE, Judge, presiding.

HOUSE & HOUSE, and NOLEMAN & SMITH, for plaintiff in error.

WEBB & WEBB, MAURICE V. JOYCE, and LOUIS P. ZER-WECK, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes here on a writ of *certiorari* awarded by this court to review the judgment of the Appellate Court dismissing the appeal without damages, on the ground that the judgment of the trial court and its order granting the appeal were null and void.

The cause was tried before the court without a jury at the October, 1926, term of the circuit court of Washington county and was taken under advisement. At that time a stipulation was entered of record, as follows: "By agreement of the parties cause to be submitted on written briefs and arguments and propositions of law and fact to be sent to the court with the respective arguments, * * * and cause to be decided by the court at such time as the court may determine. By agreement of all the parties the judgment and findings to be entered by the clerk as of this date." The cause was kept under advisement by the judge until after the close of the next April term of that court. In vacation after that term he sent his findings and judgment to the clerk, with instructions to enter them upon the record as of the date of the trial. The clerk on the 9th day of September, 1927, made the following entries of record:

"August —, 1927. Cause decided as of October 27, 1926, as per agreement heretofore entered of record. The court finds the issues for the plaintiff and against the defendant, and that there is due the plaintiff from the defendant the sum of $5900.

"Judgment on the finding. Judgment as of October 27, 1926, for the plaintiff and against the defendant for $5900

329—34

and costs of suit. Both the plaintiff and the defendant except and each prays an appeal to the Appellate Court of the Fourth District of Illinois, which is allowed the defendant upon the defendant filing herein his appeal bond in the sum of $7500, with sureties to be approved by the clerk of this court; appeal bond to be filed within forty-five days from this date. An appeal is allowed the plaintiff upon his filing herein his appeal bond in the sum of $100, with sureties to be approved by the clerk of this court; appeal bond to be filed within forty-five days from this date and bill of exceptions to be presented and filed within ninety days from this date."

The defendant perfected his appeal to the Appellate Court for the Fourth District in accordance with the order for the same entered on September 9, 1927. The plaintiff below, appellee in the Appellate Court, filed a short record and moved to dismiss the appeal and for the assessment of damages. The Appellate Court held that under the statute the trial judge had no authority to enter a judgment in vacation except during the vacation immediately succeeding the term of court at which the cause was submitted, and that since his findings and judgment were entered during the vacation after the April, 1927, term of court, the judgment, and therefore the order of appeal, were null and void. Although the Appellate Court allowed the motion to dismiss the appeal, it also held that since the judgment entered against the appellant was void no damages should be assessed against him. The plaintiff, appellee in the Appellate Court, petitioned for a writ of *certiorari* in this court and appears here as plaintiff in error.

Plaintiff in error contends, first, that the stipulation entered into between the parties was for the entry of a final judgment to be entered as of the date on which the stipulation was filed, that is, October 27, 1926, one of the days of the October, 1926, term. It is also contended as a second point that the Appellate Court erred in construing the stat-

ute in relation to the entry of judgments during vacation
and in holding that the statute does not authorize circuit
judges to enter judgment in vacation except during the va-
cation immediately following the term at which the cause
was taken under advisement.

Sections 30 and 31 of the act to revise the law in rela-
tion to circuit and superior courts of Cook county (Cahill's
Stat. 1927, p. 808,) are as follows:

"Sec. 30. When a cause or matter is taken under advise-
ment by a judge of a circuit court, or of the superior court
of Cook county, and the cause or matter is decided in vaca-
tion, the judgment, decree or order therein may be entered
of record in vacation, but such judgment, decree or order
may, for good cause shown, be set aside, or modified, or
excepted to, at the next term of the court, upon motion filed
on or before the second day of the term, of which motion
the opposite party or his attorney shall have reasonable
notice. If not so set aside or modified, it shall thereupon
become final.

"Sec. 31. If it is stipulated, of record, that a judgment,
decree or order so entered of record shall be final, then such
judgment, decree or order shall have the same force and
effect as if it had been entered at the term preceding the
time it is entered, subject to the right of appeal or writ of
error: *Provided,* it shall not take effect as a lien, except
from the date of the entry thereof."

As to plaintiff in error's first point,—that is, that the
stipulation was for a final judgment,—it will be noted that
the stipulation provided, after reciting the dates on which
respective briefs should be filed, that the cause should be
"decided by the court at such time as the court may deter-
mine. By agreement of all the parties the judgment and
findings to be entered by the clerk as of this date." This
cannot be construed as waiving the right to move at the suc-
ceeding term to set the judgment aside or as waiving the
right of appeal. It was stipulated that the judgment should

be entered of record as of the October, 1926, term, but in the absence of language clearly providing that the judgment shall be final, as contemplated by the provisions of section 31, we cannot so construe it. While the judgment, when it became final, (if it did so become,) was to be entered as of the October, 1926, term, there is nothing in the stipulation which waives the right to a motion on or before the second day of the term next succeeding the entry of such judgment to set the same aside, as provided in section 30 of the Circuit Court act, and, as we have said, the right of appeal is not waived. The stipulation was not for a final judgment. There is nothing in the stipulation which removes the proceeding from the operation of section 30 above quoted. Unless the court was without authority to enter judgment during vacation following the April, 1927, term, such judgment did not become final until after the second day of the next term following the entry of the judgment, which was the October, 1927, term. As the record does not show a motion to vacate the judgment filed in accordance with section 30 and denied, the judgment became final on the third day of the October, 1927, term, and the order allowing the appeal effective on that date. Defendant in error, as appellant in the Appellate Court, perfected his appeal in accordance with that order, and if the judge had authority to enter a vacation judgment at the time he sought to do so, the appeal was properly before the Appellate Court for a review of the cause on its merits.

This brings us to a construction of section 30 of the statute conferring on circuit judges the power to decide cases in vacation. The clear provision of that section is, that when a cause which has been taken under advisement is decided in vacation, the judgment, decree or order therein may be entered of record in vacation, but such judgment, order or decree may for good cause shown be set aside, modified or excepted to at the next term of court. Defendant in error contends that this language must be construed

as limiting the exercise of that power to the vacation next succeeding the term at which the cause was taken under advisement, and in support of that contention has cited *In re Robinson,* 116 Me. 125, 100 Atl. 373, and *Union Motor Car Co.* v. *Cartlege,* 133 Miss. 318, 97 So. 801. In the first case cited it appears that the statutes of Maine provided that any justice of the supreme judicial court may in vacation render judgment heard by him in term time. The question involved was whether the court could render a judgment at a term following such vacation. It was held by that court that such judgment must be rendered during the vacation first succeeding the term at which the cause was taken under advisement, for the reason that the statute made no mention of the term following the vacation. It will be observed that the Maine statute is not similar to ours and the question raised there is not involved here. In *Union Motor Car Co.* v. *Cartlege, supra,* the statute of Mississippi first enacted on the subject provided that a judge of the circuit court may take a case under advisement until the next term, at which term he shall deliver his opinion in writing. Later another statute was enacted, stating that a judge of any circuit court may deliver opinions and render judgments in vacation as in term time in cases taken under advisement by him at a term of the court, and such judgments shall have the same effect as if made and entered in term time and appeals may be prosecuted from such vacation judgments. Under the original statute it was held that a motion for a new trial could not be kept under advisement longer than the term next succeeding the one at which it was taken, (*Scarborough* v. *Smith,* 52 Miss. 517,) and that a judgment rendered in vacation was void. (*Wilson* v. *Rodewald,* 61 Miss. 228.) The question before the court was whether the later statute changed the law with reference to intervening terms of court so as to affect a judgment rendered in vacation. It was held that in case the cause is not decided and judgment rendered during the

vacation following the term at which it was submitted, the cause becomes triable at the next regular term and should be docketed and disposed of during that term of court, and that if this be not done the cause continues on the docket as pending and is triable at succeeding terms unless by consent of counsel an order is again entered submitting it to be decided in vacation; that the effect of statutes of that State was to restore the cause to the docket if judgment is not entered during the vacation first succeeding the term at which it was taken under advisement.

That these statutes are not similar to ours seems clear. Under our statute no authority is given to enter a final judgment in vacation unless such be stipulated by the parties, but a judgment then entered becomes final, if at all, only after the second day of the term next succeeding the entry of record of such judgment. There is nothing in the language of section 30 of the Circuit Court act requiring that if the judge pass upon any matters under advisement during vacation he shall do so before the term next succeeding the one at which the cause was so taken, nor is that the contemplation and purpose of the statute. By section 21 of the Circuit Court act (Cahill's Stat. 1927, p. 808,) it is provided: "All causes and proceedings pending and undisposed of in any of said courts at the end of a term shall stand continued till the next term of court." Section 30 requires that opportunity be given at the succeeding term of the court to file a motion to set aside or modify the judgment entered in vacation, and that the opposite party shall have reasonable notice of any such motion. In the larger counties of the State, where one term of court extends to such a length of time as to leave but a few days intervening before the next term, the act permitting decisions in vacation would, if that permission be limited to the first vacation succeeding the term, be of no practical avail.

It is argued on the part of defendant in error that if a judge may hold a case under advisement for a period of

time longer than during the first vacation, he might hold it over for several terms and finally enter judgment in vacation many months, or even years, after the cause is submitted. It is the duty of a circuit judge to decide cases promptly and within a reasonable time after submission, under all the circumstances surrounding the work of the court. This court cannot presume either that circuit judges will not do their sworn duty in this regard or that the legislature feared they would not. Statutes must be given a reasonable construction consistent with their practical application, and we are of the opinion that this act is not to be construed as requiring that a circuit judge must, if he decide a case in vacation at all, do so during the period first succeeding the term of submission. Section 30 was evidently passed with a view to expedite the business of the courts. To construe it in accordance with the contention of defendant in error would be to seriously handicap the expeditious disposition of business in the courts of the larger counties in the State.

We are of the opinion, therefore, that the circuit judge in the instant case had authority to render a judgment in vacation after the April, 1927, term. That judgment not being objected to by the second day of the October, 1927, term of the circuit court was thereafter a final judgment. The appeal taken from that judgment properly presented the record for review by the Appellate Court, and that court erred in not considering the cause upon its merits.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to consider it on its merits.

*Reversed and remanded, with directions.*