JUNE I. JENSEN, ADMX. C. T. A.

APPLT. FROM DECREE OF JUDGE OF PROBATE

Cumberland.   Opinion, January 5, 1950.

*Sherman I. Gould,*
*Adelbert L. Miles,* for appellant.

*Fred W. Small,*
*Saul H. Sheriff,* for appellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. The case arises on exceptions to the denial of a petition for the allowance of a time for filing a bill of exceptions. An appeal from the Probate Court was submitted to the presiding justice at the June 1949 term of the Superior Court in the County of Cumberland, sitting as the Supreme Court of Probate. In vacation, on August 12, the appeal was dismissed and the decree of the Probate Court affirmed. No bill of exceptions was filed within thirty days from the rendition of judgment, and the first and only petition for an extension of time was presented to a justice of the Superior Court in October. The justice denied the petition on the ground that jurisdiction ceased with the expiration of the thirty-day period and that he had no right to use discretion in the matter.

The agreed statement of facts shows that the clerk's office did not notify petitioner's counsel that the judgment of August 12 was filed until September 13, and that in the week prior to September 13, within thirty days of the judgment, on inquiry by petitioner's counsel, the clerk's office had informed him that judgment had not been rendered.

The statute relative to hearings and judgments in vacation reads, in so far as it is here material, as follows:

"Any such justice may in vacation render judgment in any case heard by him in term time. Parties shall have the right of exception to such orders and judgments, and to other rulings on questions of law, as if judgment had been rendered in term time. Bills of exceptions in such cases shall be filed within 30 days from the rendition of judgment, unless the time is further extended by any justice of such court." *R. S. Ch. 100, Sec. 39 (1944),* as amended by Laws of 1945, Ch. 136.

The so-called vacation statute was first enacted in Laws of 1915, Chap. 305. The statute then provided that a bill of exceptions be filed "within such time as the justice orders." The present language was adopted by Laws of 1929, Chap. 234. The statute applies to probate appeals heard in term time and decided in vacation. *Robinson, Appellant,* 116 Me. 125; 100 A. 373 (1917).

It is apparent that the petitioner has not complied with the terms of the statute. A judgment in vacation, upon resting without attack by exceptions for the thirty-day period or such period "further extended," becomes final. To "further extend" is to prolong or lengthen an existing time for filing. In this instance, the petitioner did not seek to "further extend" an existing time, but to create a new period of time for filing the bill of exceptions, unrelated and unattached to the statutory period. In short, the petitioner sought to reopen a closed case.

The right to take exceptions is wholly statutory. Jurisdiction is founded upon and limited by the act of the Legislature, and does not spring from any inherent power of the courts. *Sears, Roebuck & Co.* v. *City of Portland,* 144 Me. 250; 68 A. (2nd) 12 (1949); *Bradford* v. *Davis,* 143 Me. 124; 56 A. (2nd) 68 (1947); *Nissen* v. *Flaherty,* 117 Me. 534; 105 A. 127 (1918); *Cole* v. *Cole,* 112 Me. 315; 92 A. 174 (1914); *Stenographer Cases,* 100 Me. 271; 61 A. 782 (1905).

Relief of the nature here requested may be granted by the courts in certain types of cases under specific statutory

provisions. For example, the Supreme Court of Probate may allow a probate appeal, accidentally omitted, under R. S., Chap. 140, Sec. 34, and the Superior Court may grant a review under R. S., Chap. 110, Sec. 1, VII. *Edwards* v. *Estate of Williams,* 139 Me. 210; 28 A. (2nd) 560 (1942), and *Richards Co.* v. *Libby,* 140 Me. 38; 33 A. (2nd) 537 (1943), are illustrated cases.

In equity, we find that the ten-day period for claiming an appeal does not commence until "notice (of a decree) has been given by such clerk to the parties or their counsel," under R. S., Chap. 95, Sec. 21.

Jurisdiction in the present case, however, cannot be based by analogy upon a statutory right to relief which may be given by courts in other types of cases or to the required notice in equity. Indeed, enactment by the Legislature of the statutes noted accords with our view that jurisdiction in such matters exists by virtue of, and to the extent granted by, the statutes.

Whether or not provision should be made for relief from hardship, arising as alleged by the petitioner, is for the Legislature not for the courts to determine. The bounds of jurisdiction mark the limits of the courts' authority. The petitioner failed to comply with the statute, and at that point our inquiry must end.

The petition was properly denied for lack of jurisdiction.

The entry will be

*Exceptions overruled.*