LIONEL J. BOLDUC, ET AL.

*vs.*

GRANITE STATE FIRE INSURANCE COMPANY

Androscoggin.   Opinion, January 29, 1952.

*Frank W. Linnell,* for plaintiff.

*Berman & Berman,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MURCHIE, C. J.   This case presents the single, very narrow, issue whether an insurer, who has contracted to cover

the legal liability of its assured for damage to property during its "loading, unloading, skidding, lowering and hoisting," is holden for a loss caused by the use of dynamite to sever property, intended to be hoisted to make its moving possible, from a foundation to which it was attached so firmly that severance by a hoisting device, pry bars and jack-hammers proved impossible.

The case was heard by a referee, to whom it was referred by the parties, with the right to exceptions on questions of law reserved. No question of fact is involved. The referee's decision, for the plaintiffs, reflects his ruling of law on the issue stated. He grounded it on the facts that a lifting device was under strain on the property at the time of the damage, and that the plaintiffs had advised the defendant fully concerning their undertaking to move the property from one location to another. There was reliance also on a letter written to the owner of the property by an agent of the defendant confirming a telephone conversation in which it was stated that plaintiffs' insurance, as enlarged by an endorsement on their policy, covered "all rigging operations" of the assured, and "any hoisting or lowering, skidding, unloading or loading operations," wherever the property might be. There was reference, also, to "loading, unloading, skidding, lowering or hoisting operations."

The referee, in final analysis, grounded his decision on the intent of the parties to cover whatever the plaintiffs might do in "hoisting" the property. Counsel for the plaintiffs argues also that the word "hoisting" is ambiguous, and should be construed to include "dismantling," obviously contemplated by the parties. He argues, further, on the basis of evidence in the Record, that the word "hoist" has a special and well recognized meaning in the heavy machinery moving trade, which considers a "hoisting operation" to start when a lifting agent is employed and force exerted on it, and includes the use of pry bars, jack-hammers and dynamite, as supplemental to such lifting

agent. The case discloses that prior to the use of the dynamite which caused the damage, the plaintiffs had employed a chain-hoist, pry bars and jack-hammers, to no avail, as far as severing the property from its foundation was concerned. Severance and damage came simultaneously with the last of several small blasts of dynamite.

The history of the case discloses that after the referee made his report, the defendant filed written objections to its acceptance, and plaintiffs' motion therefor was held in abeyance by the justice presiding at the term of its filing, not only until after the adjournment thereof but throughout the vacation following and until after a new term had been convened and adjourned by another justice. The report was rejected, in vacation following the succeeding term, by the justice holding the term when the motion for its acceptance was filed, on the grounds that " 'hoisting' does not, in English, connote severing or detaching," and that it was not "foreseeable under the risk accepted by the insurance carrier that it was indemnifying the assured for damage caused by severance with dynamite."

Exceptions originally alleged included one challenging the authority of the justice to rule on the motion at the time he did, and that one was sustained, reluctantly in view of the fact that counsel for both parties desired the case considered on its merits, but necessarily because plaintiffs' attempted waiver of it could not confer an authority in excess of that vested by statute. *Bolduc* v. *Granite State Fire Insurance Co.*, 147 Me. 129, 83 A. (2nd) 567.

Subsequently, another justice rejected the report on the same grounds, and the case comes forward on the identical exceptions originally alleged, except for the one which controlled it in the decision aforesaid. The procedure is unusual in presenting exceptions to a ruling of one justice originally allowed by another with the qualifications stated, but their prosecution at this time is with the approval of

the justice whose ruling is now challenged, and that would seem to constitute the equivalent of the allowance of them.

The grounds alleged for the rejection of the report being adequate, there is no occasion to consider the exceptions in detail. The record discloses no single word in any part of the correspondence or conversations between the parties, or spoken or written by any one having an interest in the property plaintiffs had undertaken to transport, to give notice to the defendant that the use of dynamite was essential to severing the property from a foundation for transporting it, that such a use was contemplated, or was considered a part of a hoisting operation in the particular trade in which the plaintiffs were engaged. The report of the referee was properly rejected.

*Exceptions overruled.*