NATALIE D. DUMAIS, LIBLT.

*vs.*

ALCID F. DUMAIS

Androscoggin.   Opinion, June 26, 1957.

*Frank W. Linnell,* for Liblt.

*Edward J. Beauchamp,*
*Berman & Berman,* for Libelee

Sitting: Williamson, C. J., Webber, Beliveau, Tapley, Sullivan, Dubord, JJ.

Sullivan, J.   This divorce case was pending and in order for disposition at the September A. D. 1956 term of the Superior Court. An *ex parte* hearing upon the merits of the prayer for divorce was thereupon had before the presiding justice without contest from the libelee. The parties agreed that as to alimony and support of children there would be a contested hearing before such justice at some later date at the convenience of court and counsel, and that the decree might be rendered during the November Term or in vacation following that term.

After adjournment of that September Term and in vacation on October 31, A. D. 1956, there was a full, contested hearing upon the issues of alimony and support of children before the same justice. The next term succeeding the adjourned September Term of court convened in November with another justice presiding and that session adjourned upon December 13, A. D. 1956. On December 21, A. D. 1956, and in court vacation, the justice who heard this case filed a decree of divorce with alimony, custody and support of children awarded. Such judication bore the caption "Superior Court, In Vacation December 21, 1956."

At no time during the proceedings did the libelee protest or challenge the authority of the justice functioning to hold such hearings or to render his decision.

After the decree the libelee seasonably excepted upon several grounds. One grievance was the rendering of the decree by the justice on December 21, 1956, in the second vacation occurring after the September term of court.

The statute providing generally for Superior Court hearings and judgments in vacation reads as follows:

"Any justice of the superior court, - - - - by agreement of parties - - - may, at any time or place, try

and determine issues of fact and of law submitted to him and render any judgment therein which the court could render if in session. Any such justice may in vacation render judgment in any case heard by him in term time. - - -" R. S. c. 113, § 39.

Our court has interpreted the word "vacation," to mean one, single, non-recurring period of time between the end of the term last adjourned and the beginning of the very next.

*Robinson, Appellant,* 116 Me. 125, 127. (1917)

*Moreland* v. *Vomilas,* 127 Me. 493, 502. (1929)

*Bolduc et al.* v. *Granite State Fire Ins. Co.,* 147 Me. 129. (1951)

See also *Inhabitants of Owls Head* v. *Dodge,* 151 Me. 473, 485. (1956)

In *Bolduc* v. *Ins. Co.* above cited the court also said: "That the exception was waived is immaterial."

In the second decision of *Bolduc et al.* v. *Granite State Fire Ins. Co.,* 147 Me. 246, 248 (1952), it was held:

"Exceptions originally alleged included one challenging the authority of the justice to rule on the motion at the time he did, and that one was sustained, reluctantly in view of the fact that counsel for both parties desired the case considered on its merits, but necessarily because plaintiffs' attempted waiver of it could not confer an authority in excess of that vested by statute."

*Moreland* v. *Vomilas,* 127 Me. 493 (1929), was a construction of Public Laws of 1923, Chapter 70, 2nd paragraph, which reads as follows:

"A motion to so set aside a verdict must be filed at the same term at which such verdict is rendered and shall be heard by the presiding justice either in term time or in vacation at his discretion; if

> such action is heard in term time the presiding justice may render his decision in vacation."

Such a motion was filed and argued at the term at which the trial had been had. Decision was reserved by the presiding justice. The same justice who also presided at the next successive term filed his decision at that later term. This court held that his decision "was of no effect; was null and void" because it was not rendered in the next immediate vacation but at the term following that vacation.

It is pertinent to note that the legislature in 1939, P. L. Chapter 66, amended the statutory paragraph above quoted in its last clause to read:

> "- - - - if such motion is heard in term time the presiding justice may render his decision in vacation *or at a later term.*" (words of amendment italicized)

The two divorce statutes anent jurisdiction and hearings in vacation provide:

> "- - - - The superior court, *or any justice thereof in vacation,* has jurisdiction of libels for divorce in all counties" R. S. c. 166 § 55.

> "- - - - All libels for divorce shall be in order for hearing at the first or return term, provided service of said libel has been made in accordance with the provisions of this chapter not less than 60 days before said return term, *and may be heard by any justice thereof in vacation.*" R. S. c. 166, § 61.

The words in these laws italicized above were added by the legislature in 1949, P. L. c. 311 §§ 1 and 2, several years after *Robinson, Appellant* (1917), and *Moreland* v. *Vomilas* (1929), construed the word "vacation" in statutes recited earlier in this opinion.

The occasion for such 1949 amendments to what are now R. S. c. 166, §§ 55 and 61, was the misgivings of the court to hear divorce cases in vacation under what is now R. S.

c. 113 § 39 and the paucity of court terms in most counties. The legislature intended to remedy those two mischiefs but in granting redress it expressed no purpose to nullify the *raisons d'être* of the word, "vacation." Those objects are of special regard in the instant case and are as compelling as they were in the circumstances of *Robinson, Appellant, Moreland* v. *Vomilas* and *Bolduc et al.* v. *Granite State Fire Ins. Co., supra.* The legislative policy and intent are just as intelligible and manifest in the present case as they were in those decided cases. The jurisdiction of a presiding justice at a court term, in the absence of express legislation to the contrary, should be plenary and exclusive as to all matters pending before court for consideration. Variations of that truism without definitive legislative sanction unnecessarily multiply confusions, delays and dislocation of authority. The legislature in its amendments (P. L. 1949, c. 311, §§ 1 and 2), employed a word of an already established judicial construction, to wit, "vacation." Considering the language used, the subject matter and the object in view we believe the legislature intended without benefit of waiver to the parties that the vacation jurisdiction of a superior court justice, of any given divorce libel whether that jurisdiction devolved upon him as presiding justice of the court term last adjourned or was assumed by him during a vacation must be culminated by him by a decree rendered in the same vacation or forfeited totally to the next succeeding term of court, to be availed of by him entirely *de novo,* if at all, following the latter term. Such a chaste rule imposes sensible, regulatory limits to multiple, divergent jurisdiction and is most conducive to the orderly and efficient administration of the court. The instances of delay or hardship resulting will be more than compensated overall by the constant, definite restoration of pending causes to live, court term dockets.

In view of our conclusion as to the merit of this exception it becomes unnecessary for us to rule upon the others.

*Exceptions sustained.*