THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SMALL, Appellant, against BLAKELY R. WEBSTER, as Superintendent of Dannemora State Hospital, Respondent.— Appeal by relator from an order of the Clinton County Court dismissing a writ of habeas corpus, wherein he attacked the validity of his 1925 conviction of second degree robbery on the ground of fraud, and contended that his 1932 conviction of a felony in possessing a dangerous weapon constituted double jeopardy. The questions appellant raises are not reviewable in a habeas corpus proceeding. (*Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131; *People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96, 102.) Order affirmed. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CALMAN COOPER, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court, Clinton County, duly entered May 31, 1945, dismissing relator's writ of habeas corpus. Relator's contention is that his ineffectual efforts to secure a vacation of his judgment of conviction in a proceeding in the nature of *coram nobis* now entitles him to litigate, in a habeas corpus proceeding, his basic contention that his judgment of conviction was obtained as a result of his being coerced into entering a plea of guilty of second degree murder under an indictment which charged him with murder in the first degree. Relator has failed to show that the law of the State has so deprived him of a remedy in the nature of *coram nobis* under the constitutional guaranties, that he is now entitled to litigate his complaint by the office of a writ of habeas corpus. The order appealed from should be affirmed. Order affirmed, without costs. All concur. [See 270 App. Div. 781.]

In the Matter of the Application of FRANK F. HENRY, Petitioner, against MARK GRAVES et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which disallowed petitioner's claim for a deduction in his 1938 income tax return of the sum of $28,000, as a bad debt, and imposed an additional tax of $2,240. In 1929 title to a residential property in the city of Buffalo was taken in the name of petitioner's wife, the purchase price of which was $225,000. Petitioner asserts that he gave his wife $125,000 towards the purchase. The balance of $100,000 was secured by a mortgage executed by his wife, and petitioner guaranteed the payment of the bond given in connection therewith. Subsequently he was called upon to pay the major portion of a deficiency judgment entered after foreclosure and sale. A payment of $28,000 which he made thereon he seeks to deduct from his 1938 income tax return as a bad debt which his wife owes to him. The State Tax Commission has determined that the whole transaction of purchase was a gift by petitioner to his wife of the property for residential purposes, and that she had no obligation to him to pay the sum mentioned. Inferences which the commission might legitimately draw from the undisputed facts support the commission's decision. Determination confirmed, without costs. All concur.