ROY C. KNAPP, APPELLANT
FROM DECREE OF JUDGE OF PROBATE
ESTATE OF FRED E. KNAPP

Androscoggin.    Opinion, June 9, 1950.

*John G. Marshall,*
*Frank T. Powers*, for appellant.

*James E. Philoon,*
*Carl F. Getchell,*
*John C. Crockett,*
*George C. Wing, Jr.*, for respondents.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This case is before the Law Court on exceptions by the appellant to the ruling of the Superior Court, sitting as the Supreme Court of Probate, in refusing to revoke certain decrees of the Probate Court for Androscoggin County. The exceptions are overruled.

These are the facts: Fred E. Knapp, late of Auburn, Maine, deceased, testate, died November 17, 1944 leaving a widow, Lida A. Knapp, and as his only heir at law, his brother Roy C. Knapp who is the appellant petitioner here.

The will of Fred E. Knapp provided a life estate for the wife, with remainder to the Salvation Army, Stanton Bird Club, and the Society for Prevention of Cruelty to Animals. The will was presented for probate November 21, 1944, due notice was given to all parties interested and no objections to the probate were made. December 12, 1944 was the return day, and the petition for probate was in order for hearing on that date. Forest E. Luddon, as one of the subscribing witnesses to the instrument, made an affidavit before Donat J. Levesque, Register of Probate, on December 6, 1944. The Luddon affidavit was offered as evidence on December 12, 1944, and the will was allowed on December 12, 1944.

More than four years after allowance of the will, on March 21, 1949 the appellant, Roy C. Knapp, as sole surviving heir at law, filed a petition in the Probate Court for Androscoggin County stating that "the witness' affidavit in support of the allowance of said will of said late Fred E. Knapp was taken before the term of the Probate Court to which the petition for allowance was returnable and that to allow said will would be contrary to the Rules of the Probate Court," and the petitioner asked for revocation of the order and decree allowing the will, the revocation of decree allowing the first and final account, and revocation of decree for distribution.

This petition of Roy C. Knapp was denied by Armand A. Dufresne, Jr., Judge of Probate, on September 26, 1949.

The petitioner appealed to the Superior Court as the Supreme Court of Probate, which court on January 16, 1950 "denied and dismissed" the appeal. The petitioner then filed the exceptions now before the Law Court.

Rule XXXI of the Probate Court, 130 Me. 534, is as follows:

"Wills must in every case be proved and allowed in open court, and in case the testimony of the witness or witnesses proving the will is not taken down by the court stenographer and certified, the testimony shall be preserved by an affidavit taken before the Judge or Register, and filed with the other papers in the case, and in no case shall evidence be taken out to prove said will before the return day of the petition for probate thereof."

This Rule XXXI of Practice and Procedure in the Probate Courts of Maine was adopted in 1931 under the authority of Revised Statutes (1930), Chapter 75, Section 48; Revised Statutes (1944), Chapter 140, Section 49; Rules of Probate Court, 130 Me. 527, 534. A rule has the force of law and is binding upon the court, as well as upon parties, "if not repugnant to law." *Fox* v. *Conway Ins. Co.*, 53 Me. 107, 110; *Cunningham* v. *Long*, 125 Me. 494; *Nickerson* v. *Nickerson*, 36 Me. 417; *Maberry* v. *Morse*, 43 Me. 176; *Hill* v. *Finnemore*, 132 Me. 459, 471: "Courts" 14 Am. Jur., 355, Section 150-152. The rule cannot change a statute. The statute controls. *Nissen* v. *Flaherty*, 117 Me. 534; 21 C. J. S. 260, Sections 170-172, citing *Nissen* v. *Flaherty*.

The statute relating to practice and procedure in proving a will where (as in this case), there are no objections, is as follows:

"When it clearly appears to the judge by the written consent of the heirs at law or otherwise that there is no objection thereto, he may decree the probate of any will upon the testimony of one or more of the 3 subscribing witnesses required by law, who can substantiate all the requisite facts,

> and the affidavit of such witness or witnesses taken before the register of probate may be received as evidence, or, in the cases described in the preceding section, upon the depositions of one or more of the subscribing witnesses, substantiating the facts."

Revised Statutes (1944), Chapter 141, Section 7.

A Probate Court may, of course, vacate or annul a prior decree, upon petition therefor, which is clearly shown to be without foundation in law or in fact, or "wrongfully obtained without legal evidence produced in court." When the statute provided (as it formerly did) for regular terms of court in the Probate Court, for example, the judge had no authority to hear evidence in vacation. *Merrill Trust Company, Appellant,* 104 Me. 566. Probate courts are but creatures of statute and have special and limited jurisdiction. They have no jurisdiction and no powers except such as are derived from statute. The course of proceedings prescribed by law must be complied with to give jurisdiction. *Waitt, Appellant,* 140 Me. 109. See analogy by Chief Justice Cornish in *Conners* Case, 121 Me. 37, 41.

The petitioner claims, in this case, that the Probate Court, had no jurisdiction to make the decree of December 12, 1944 allowing the decedent's will, because he says the affidavit of the subscribing witness was signed before the Register on December 6, 1944, and that this decree of December 12, 1944 was void, and all the succeeding decrees are void.

It was stipulated and agreed that the petitioner had notice "in time to appear and object to the allowance of the will." There was no appearance and no objections. The probate docket further shows a claim filed by the estate of Lida A. Knapp, the executrix widow, and life tenant, and the appointment of Oral E. Holmes as administrator d. b. n. c. t. a., and that distribution was ordered and final accounts allowed.

The attorneys representing the administrator c. t. a. and the residuary legatees maintain, with reason, that the statute controls, that the rule does not conflict with the statute, and that the records here show no violation of the statute or the rule.

The statute contemplates the testimony of one or more of the subscribing witnesses (or a deposition) to be sufficient when there is no objection raised to the probate of a will. The statute further contemplates, when no objection to the probate, that the proponent may offer for evidence the affidavit of a subscribing witness taken before the register. The affidavit becomes and is evidence by virtue of the statute. No time is stated in the statute as to when the affidavit may be made before the register. It must, of course, be made before it is offered, and before it becomes statutory evidence. It may be made sometime before the coming in of the court on return day, because the court return day does not commence until the hour for the court to come in. There is nothing to prevent the making of the affidavit with the register at any time after the petition for probate is filed and before the return day. It cannot be used if there are objections to the probate of the will, and it is not evidence if there are objections. There is no necessity for an affidavit to be taken before the register, when the court is in session, on or after return day, because the rule then permits the Judge of Probate as well as the register, to take an affidavit to preserve testimony. The rule supplements the statute and is not in conflict with it. *Witzler* v. *Collins*, 70 Me. 290.

The rule simply provides that no evidence to prove the will shall be taken out before the Judge of Probate until the return day. The Judge of Probate cannot take testimony or receive evidence until return day. If there is no objection to the allowance of the will, an affidavit taken at any time before the register, may be received by the Judge of Probate as evidence (so provided by the statute), or to pre-

serve testimony given at a hearing, an affidavit may be taken before the judge or register (as provided by the rule).

A brief history of the statute and the rule may clarify and be of interest. Under the statutes of 1903, if there were no objections, the Judge of Probate could decree the probate of any will upon the testimony (or deposition) of one of the three subscribing witnesses. The witness must, however, testify or give his deposition under a commission. Revised Statutes of Maine (1903), Chapter 66, Sections 6 and 7. In the year 1915 by Chapter 289 of the Public Laws, the legislature made this matter of routine practice more convenient and less expensive for parties and attorneys, in providing that whenever no objections are offered by any party interested, "the affidavit of such witness or witnesses taken before the Register of Probate may be received as evidence." No time was fixed as to when the affidavit was to be taken, and, as the statute was to remedy inconvenience and unnecessary expense, it must be presumed that the affidavit could be taken at any convenient time after the petition for probate was filed.

Probate Rule XXXI, is not inconsistent with the statute. The rule does not state that the affidavit shall not be taken by the register before return day. It is the *evidence* that shall not "be taken out to prove said will before the return day." Rule XXXI, 130 Me. 534. This differs from the probate rule pertaining to depositions, because it is distinctly stated in Rule IX that "no commission to take a deposition of witnesses to a will shall issue before the return day of the petition for probate." Rule IX, 130 Me. 530. We must assume that the learned judges and registers of probate who drafted these rules, which were approved by the Supreme Judicial Court, wrote them with the statutes in view. That no definite time was fixed for the making of affidavit, and a definite time was fixed for a commission to issue, is a compelling fact. The purpose is clear. The affidavit may be taken at any time because it cannot become evidence if objection is raised. A commission should not issue until re-

turn day because of the possibility of appearances and objections on that day.

The rules of the Probate Court adopted in 1916 provided in Rule XXXII that wills must be proved in open court and in "term time," and if the testimony to prove the will was not taken by a stenographer it should be preserved by affidavit taken before the judge or register. Rules of Probate Court, 114 Maine, 576, 582. The terms of the Probate Court were abolished by Public Laws of Maine 1923, Chapter 180, since which time Probate Courts are in constant session. Revised Statutes (1944), Chapter 140, Section 5. Therefore, the Rule XXXII of 1916 was not applicable after 1923 because wills were no longer to be proved in "term time." The present Rule XXXI takes into consideration the return day, or thereafter, as the court is in constant session. The judge may now on the return day, or after, receive evidence of the witness to a will through the oral testimony from the witness, or by receiving an affidavit previously taken before the register if there are no objections.

The interested parties to a petition for probate have an absolute and unqualified right to expect that legal notice of the return day of the petition will be given. Notice and hearing is fundamental. After notice of the pendency of the petition, any interested party may appear in the Probate Court for the purpose of making objections. If there is written consent by the heirs at law, or if there is no appearance, or if there are no objections, and if it clearly appears to the Judge of Probate "that there is no objection thereto he may decree the probate of any will upon the testimony of one or more of the three subscribing witnesses" or "the affidavit of such witness or witnesses taken before the Register of Probate may be received as evidence." Revised Statutes (1944), Chapter 141, Section 7. "Wills must in every case be proved and allowed in open court," Rule XXXI, 130 Me. 534, and it is in open court on, or after, the return day that the Judge of Probate may receive an affi-

davit previously taken before the register. It is only when there is no objection that such an affidavit becomes or is evidence. An affidavit is "evidence taken out" when no objections and when presented to the Judge of Probate on, or after, the return day of the petition for probate.

If an affidavit taken before the register is the evidence upon which the decree is made, because no objections to the probate of the will, an appeal may still be entered by any "person aggrieved." Revised Statutes (1944), Chapter 140, Section 32.

The petitioner in this case received notice and raised no objection to the petition for probate. The affidavit taken before the register on December 6, 1944 was proper evidence on December 12, 1944 under the circumstances in this case. The petitioner took no appeal from the decree of December 12, 1944 allowing the will. Revised Statutes (1944), Chapter 155, Section 15. The decision of the Judge of Probate denying this petition to reopen and to annul the decree of December 12, 1944 was correct, as was the succeeding decision of the Justice of the Superior Court sitting as the Supreme Court of Probate.

*Exceptions overruled.*