FRANCIS J. CURRAN, FRANCIS J. MAGUIRE and IRA F. JONES, JR., Relators, v. JOHN A. WOOLEY, ROBERT F. BARNETT, JOHN F. PORTER, JR., WILLIAM A. HENRY and CHARLES E. GRUBB, constituting the Board of Trustees of the New Castle County Workhouse, Respondents.

(*September* 23, 1953.)

LAYTON, J., sitting.

*Herbert L. Maris* and *Charles F. G. Smith* (of Philadelphia) and *Irving Morris* for Relators.

*Vincent A. Theisen,* Chief Deputy Attorney-General, and *Stephen E. Hamilton, Jr.,* Deputy Attorney-General, for Respondents.

Superior Court for New Castle County, No. 411, Civil Action, 1953.

LAYTON, J.:

Article I, § 13 of the *Delaware Constitution* in conjunction with Title 10, § 6901 and Title 10, § 6902 of the *Revised Code of 1953*, confer jurisdiction upon this Court to hear and issue the writ of habeas corpus in a proper case. However, no settled practice seems to have been developed in this State governing this type of proceeding. The State has filed a motion to dismiss, alleging among other reasons that petitioners have not exhausted all available State remedies before applying for the writ. The serious question is thus presented whether these petitions are not premature in the light of Rules 33 and 35 of the Rules of Criminal Procedure, *Del. C. Ann.*, which became effective some two months prior to the filing of this petition.

Rule 33 states:

"The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. *A motion for a new trial based on the ground of newly discovered evidence may be made at any time before or after final judg-*

*ment,*[1] but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 10 days after vedict or finding of guilty or within such further time as the court may fix during the 10-day period."

Rule 35 is as follows:

"(a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time. A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without judisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner."

Rule 33 would seem to provide a remedy somewhat similar to, but broader in scope than that previously afforded by the

---

[1]My emphasis.

writ of *coram nobis.* Rule 35 seems to furnish all the relief previously known under the writ of habeas corpus.

The comments by the draftsmen of the Rule 35 are significant.

"*Rule* 35. *Correction of Reduction of Sentence*

"(a) *Correction of Sentence*

"Rule 35(a) is a combination of the first sentence of Federal Rule 35 and Uniform Rule 44 and amplifies and enlarges upon the Federal Rule 35. *The adoption of the draft will provide for relief now obtainable by Writ of Error,*[2] *Coram Nobis or Habeas Corpus.*[3] The failure of the Federal Rules to provide for such relief has been criticized. 56 *Yale Law Journal* 233."

Decidedly material to this discussion is the striking similarity between our Rule 35 and § 2255 of Title 28 *U. S. C. A.,* which reads:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with re-

---

[2] I do not understand how the remedies here provided can serve as a substitute for Writ of Error.

[3] My emphasis.

spect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. June 25, 1948, c. 646, 62 *Stat.* 967, amended May 24, 1949, c. 139, § 114, 63 *Stat.* 105."

The purpose of § 2255 is revealed in a statement of the Judicial Conference Committee on Habeas Corpus Procedure. In part, the statement says:

"This section applies only to Federal sentences. It creates a statutory remedy consisting of a motion before the court where the movant has been convicted. The remedy is in the nature of, but much broader than, *coram nobis*. The motion

remedy broadly covers all situations where the sentence is 'open to collateral attack.' As a remedy, it is intended to be as broad as habeas corpus."

*United States v. Hayman*, 342 *U. S.* 205, 72 *S. Ct.* 263, 271, 96 *L. Ed.* 232, while not directly on point, furnishes a valuable treatise on the broad general background of the purposes sought to be accomplished by this procedure.

The number of applications for habeas corpus has been increasing to a point which is causing grave concern in the Federal and State Courts. It is estimated that literally hundreds, if not thousands, of such petitions are without real substance, if in fact they are actually filed in good faith. Not the least of the causes leading to this annual mass of applications is the unsettled state of the law itself in the Supreme Court of the United States. Furthermore, prior to the passage of § 2255 *supra*, where the prisoner was in Federal custody, the application for habeas corpus had to be made in the district in which the particular Federal penitentiary of the prisoner's incarceration was located. This threw an inordinate burden upon the Courts of those few Federal districts. § 2255, then, apparently had a dual purpose: Primarily, to spread more evenly among all the districts the burden of such work by compelling each application to be made in the Court where the prisoner was originally convicted and in which already lay the records of such conviction; incidentally, to provide a statutory right to attack the judgment of conviction in the original trial Court upon grounds as broad as permitted by the great writ of habeas corpus and the ancient writ of *coram nobis.*

■ As a practical matter, the disposition of habeas corpus work in this state presents no administrative problem. Rule 35 could not have been intended primarily for the purpose for which § 2255 was designed in the Federal Courts. The conclusion must be, then, that Rule 35 was intended to afford to prisoners the right to attack collaterally their sentences in the Court where they were originally tried without recourse to habeas cor-

pus or *coram nobis*. As the draftsmen stated so clearly, "The adoption of the draft [Rule 35] will provide for relief now obtainable by * * * *Coram Nobis* or Habeas Corpus." Any other conclusion would result in rendering the rule empty and meaningless.

My interpretation of the foregoing material is, then, that our Criminal Rules 33 and 35 were intended (1) to create a procedure analogous to the procedure[4] under the writ of *coram nobis* where (2) substantially all the remedies available under the writs of *coram nobis*[5] and habeas corpus could be pursued simply and easily before the court which imposed the original sentence and (3) that while the remedies provided are not in lieu of habeas corpus, they nevertheless should be availed of and exhausted before application for relief by way of habeas corpus.

In connection with my holding that the remedies provided by Rules 33 and 35 should be exhausted before recourse is had to habeas corpus, I realize that the Federal Act § 2255 expressly requires this procedure whereas our Rule omits this directive. Yet, I think the conclusion is compelled in the interest of the orderly administration of justice. Moreover, the result is more consistent with the settled decisional rule that, generally, before recourse is had to habeas corpus, other remedies should be exhausted. *Ex parte Davis,* 317 *U. S.* 592, 63 *S. Ct.* 26, 87 *L. Ed.* 486; *Ex parte Botwinski,* 314 *U. S.* 586, 62 *S. Ct.* 476, 86 *L. Ed.* 473; *Mooney v. Holohan,* 294 *U. S.* 103, 55 *S. Ct.* 340, 79 *L. Ed.* 791; *Huffman v. Alexander, Or.,* 253 *P.* 2d 289. Compare by analogy cases cited in Note 18, 28 *U. S. C. A.,* § 2255 at page 768.

It is of importance to note also that the remedies afforded by Rules 33 and 35 should be treated as procedural, that is as similar to, but not in lieu of, those remedies afforded

---

[4]By this I mean by way of application to the original trial Court.

[5]I do not decide that the writ of coram nobis has been abolished. The result here would be the same whether the writ had been abolished or the remedies afforded by Rules 33 and 35 were merely cumulative.

by habeas corpus. Otherwise, an immediate constitutional question would arise,[6] and, furthermore, the settled principle of law prohibiting rights of a substantial nature from being altered or otherwise affected by rule of Court would be violated.

Finally, I should say that there may be occasions when the relief sought is so clearly within the scope of habeas corpus alone that application for relief under that writ rather than under Rule 35 might be appropriate. I do not so decide for the relief provided by Rules 33 and 35 seems entirely adequate to deal with the prayers in this case.

Accordingly, these petitions are dismissed without prejudice and petitioners directed to exhaust the remedies made available by these two Rules before again making application for the writ of habeas corpus.

### Supplemental Opinion

Upon application by counsel for relators, I granted reargument, but having examined the additional briefs filed and listened to further oral argument, I am not disposed to change the result reached in my opinion September 23.

However, the reargument did convince me that some of what was said in that opinion should be revised. Very briefly, then, I shall add the following views to those expressed in that opinion.

■ In the first place, it occurs to me that all reference to our Criminal Rule 33 was superfluous inasmuch as Criminal Rule 35 itself affords remedies at least co-extensive with those available under the writs of *coram nobis* and habeas corpus.

■ Secondly, relators' counsel argue very strenuously that they should not be forced to first exhaust their remedy under Rule 35, because (1) these remedies are not so broad as under habeas corpus and (2) being remedies granted by the

---

[6]The right of habeas corpus cannot be suspended except in cases of rebellion or invasion. (*Article I, § 9, Federal Constitution*).

Criminal Rules, they would be sharply limited in their efforts to obtain pre-trial discovery. My answers to these arguments are these—first, the remedies afforded by Rule 35 are as broad as under habeas corpus and secondly, it is the effectiveness of the remedy, not the difficulties inherent in pursuing it, which should be the governing factor. In this connection, the State has stated on the record that it will not oppose relators' attempts to obtain discovery pursuant to a proceeding under Rule 35. And, regardless of the effectiveness of this waiver, these relators are not precluded hereafter from applying for habeas corpus should their petition under Rule 35 fail.[1]

Thirdly, relators insist that I erred in holding that the law is that petitioners are required to exhaust all other state remedies before applying for habeas corpus in a state court. I repeat again that if it is not the law, it should be the law. Moreover, if, as relators suggest, *Huffman v. Alexander,* referred to in my main opinion, does not stand for the proposition then, at least, *People ex rel. Cooper v. Jackson,* 269 *App. Div.* 1001, 58 *N. Y. S.* 2d 383, *certiorari* denied, *Cooper v. Jackson,* 328 *U. S.* 845, 66 *S. Ct.* 1023, 90 *L. Ed* 1619 does. Or, if not, then, at least, one legal writer is in error.[2] Finally, *United States v. Hayman,* also cited in my original opinion, offers a direct analogy, for there, the exhaustion of remedies principal was applied in the case of a conviction within the federal system itself. See note 40, 72 *S. Ct.* at page 274.

At the risk of repetition, I will say again that to uphold relators' arguments would be to legislate Rule 35 out of existence by judicial decision.

Petitions dismissed without prejudice.

---

[1] Presumably, an application for habeas corpus, being a civil remedy, relators would clearly have the right to the discovery proceedings under our Civil Rules.

[2] The author of the note in 61 *Harvard Law Review,* 657 (664) footnote 58, so views the case.