[No. 38844.    Department Two.    February 9, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD L. HERR,
*Appellant.**

*Ralph L. Jones*, for appellant (Appointed counsel for appeal).

*Arthur R. Eggers* and *Albert J. Golden*, for respondent.

HAMILTON, J.—Defendant, at all times concerned an inmate of the Washington State Penitentiary, was charged, tried, and convicted of the crime of assault in the second degree, a felony. On appeal, he makes one basic assignment of error. He contends he was denied a speedy trial and due process of law as such are accorded to him by Const. art. 1,

*Reported in 423 P.2d 631.

§ 22 (amendment 10),[1] and the fourteenth amendment to the Constitution of the United States.[2]

We affirm the conviction.

The salient facts giving rise to his claim of error may be summarized in the following manner: On the morning of March 1, 1965, a prison guard detected the odor of "Pruno"[3] in wing eight of the penitentiary. Investigation revealed the odor to be emanating from cell 5-F, where defendant and his cell mate were observed consuming the beverage. The inmates were requested to remove themselves from the cell. They refused, with defendant suggesting that if the officers wished them out of the cell they could come in and get them. This the officers proceeded to do, during the course of which defendant fractured the arm of an officer by striking him with a table leg. The defendant was thereafter placed under restrictions in another area of the penitentiary, and so remained until March 29, 1965. At the time of the incident defendant was serving time for armed robbery and his projected release date was January 27, 1968.

On October 19, 1965, the prosecuting attorney of Walla Walla County, wherein the penitentiary is located, filed an information charging defendant with the assault upon the

---

[1]"In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged . . . ." Const. art. 1, § 22 (amendment 10).

[2]"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, § 1.

[3]"Pruno," we are informed, is a prison term applied to an alcoholic beverage covertly produced by inmates. Since it has no official sanction it is, perforce, contraband, and its production and use, upon discovery, tend to subject the erring inmate to more ill effects than ordinarily accompany the social use of alcohol.

prison officer. A warrant of arrest and a copy of the information were forthwith served upon defendant, and on October 20, 1965, he was brought before the Superior Court for Walla Walla County. The presiding judge advised him of his constitutional rights and appointed counsel to represent him. He was thereafter arraigned on November 3, 1965, and following his refusal to plead a plea of not guilty was entered for him by the court. At that time the fall jury term in Walla Walla County was ending, and defendant's case was continued for setting in the spring jury term.

Trial setting for the spring jury term occurred on February 7, 1966, at which time defendant's case was scheduled for trial on February 28 and March 1, 1966. When defendant's cause came on for trial, he moved to dismiss the charges upon the grounds that he had been denied a speedy trial and due process of law. The motion was denied and trial, conviction, and this appeal followed.

In support of his claim that his constitutional rights have been invaded, defendant characterizes the removal from his cell on March 1, 1965, as an arrest upon the assault charge. From this he extrapolates that the ensuing restrictive confinement and the prosecuting attorney's delay in charging him deprived him of the right to a speedy trial.

We cannot agree with defendant's theory.

As an inmate in the state penal institution, defendant was subject to the customary rules, regulations, and disciplinary measures necessary to maintain order, security, and safety within the institution. When, therefore, he was observed indulging in "Pruno," and subsequently defied a valid order to vacate his cell, he was committing a serious breach of prison etiquette. His behavior in this respect deserved and dictated remedial action. The action of the prison officials in then removing him from his cell and thereafter placing him in more restrictive custody within the prison did not constitute an "arrest" in the accepted sense of the term. At best, it amounted to no more than appropriate administrative disciplinary action. *Cf. State v. Williams*, 57 Wn.2d 231, 356 P.2d 99 (1960). Such action did

not operate to transpose his custodial status from that of inmate to that of an arrested person awaiting trial. Neither did it invest him with any such dual role. The dual custody mantle of an "arrested inmate" first descended upon him on October 19, 1965, when the processes of the superior court were invoked and he was served with a warrant of arrest. Until that time he was simply an inmate serving time upon his outstanding sentence.

The lapse of time between March 1 and October 19, 1965, was well within the 3-year statute of limitations, applicable to the offense of assault in the second degree. RCW 10.01.020.[4] And, during the lapse no incriminating statements were taken from him and used at his trial. Neither does he assert that any witnesses to the incident involved disappeared during the interval. It cannot realistically be said he suffered any prejudice from the delay.

Defendant next contends that the interval of time between the filing of the information on October 19, 1965, and commencement of his trial on February 28, 1966, violated the 60-day provisions of RCW 10.46.010,[5] and otherwise denied him due process of law.

Again we cannot agree.

From the facts before us it appears that at the time of the filing of the information the winter jury term in Walla Walla County was drawing to a close. The next regular term was scheduled to commence in February, 1966, with the cases to be set on February 7, 1966. When the defendant appeared with his assigned counsel for arraignment on November 3, 1965, he refused to plead to the charge, with the result that the court, in compliance with

---

[4] "Prosecutions for the offenses of murder and arson, where death ensues, may be commenced at any period after the commission of the offense; . . . for all other offenses the punishment of which may be imprisonment in the penitentiary, within three years after their commission; . . ." RCW 10.01.020.

[5] "If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown." RCW 10.46.010.

RCW 10.40.190,[6] entered a not guilty plea for him. At that time, it does not appear that he made any request or suggestion that an early trial date was desirable. On the contrary, from his apparent attitude as indicated by his refusal to plead, and from his attitude at the time of trial, as reflected by his attempts to either dictate to or discharge his assigned counsel, it appears that his inclinations were obstructive rather than constructive. While it is conceivable that the winter jury term could have been especially extended to accommodate the defendant, we find no circumstances here that required such action by the court. Thus, there being no jury panel immediately in attendance good cause for the delay appears, and the resultant deferral of his trial until the next jury term did not violate RCW 10.46.010 nor his right to a speedy trial under our holdings in *State v. Dickens,* 66 Wn.2d 58, 401 P.2d 321 (1965); *State v. Jesse,* 65 Wn.2d 510, 397 P.2d 1018 (1965); and *State v. Jenkins,* 19 Wn.2d 181, 142 P.2d 263 (1943).

The judgment is affirmed.

FINLEY, C. J., DONWORTH and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.

---

[6]"If the defendant fail or refuse to answer the indictment or information by demurrer or plea, a plea of not guilty must be entered by the court." RCW 10.40.190.