[No. 43108.    En Banc.    January 9, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ELDON O. WILLIAMS, *Appellant*.

*Richard L. Cease, Public Defender*, and *Richard Sanger* and *Michael D. Smith, Assistants*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Steven R. Levy, Deputy*, for respondent.

ROSELLINI, J.—The appellant was arrested on June 6, 1973, and charged with delivery of a controlled substance. At his preliminary appearance on June 6, 1973, in the Spokane District Court, his bond was set at $5,000. The date of his arraignment in the Superior Court, August 8, 1973, the bond was reduced to $1,000. From and after June 25, 1973, he was held pursuant to a parole hold order issued by the Washington State Board of Prison Terms and Paroles. The appellant was indigent and unable to post the bond set by the court, and thus would not have been able to obtain release from custody had there been no hold placed on him.

The case was set for trial on September 19, 1973, 81 days

after the effective date of the new rules of criminal procedure, 105 days from the date of the preliminary appearance and 105 days from the date of his arrest. Since the information was not filed until August 8, 1973, the trial was set within 60 days of the filing of the information and in conformance with the requirements of RCW 10.46.010, which was in effect prior to July 1, 1973.

On August 27, 1973, the appellant noted his motion for dismissal, which was based upon the fact that his case had not been set for trial within 60 days following his preliminary appearance, as required by CrR 3.3(c) where the defendant is unable to obtain pretrial release, nor within 60 days following the effective date of the rules. The court denied his motion on September 12, 1973, assigning as its reasons the fact that his case had been set for trial at the earliest jury term after his arrest and that he was not prejudiced by the delay.

The appellant sought review of this order, and moved for a continuance pending review, which was granted. The Court of Appeals, Division Three, certified the case to this court. At this point, the petitioner withdrew the writ and the trial was held on October 11, 1973, resulting in a verdict of guilty. A motion for arrest of judgment, or in the alternative a new trial, was denied. An appeal was taken to this court.

There is but one assignment of error, namely, that the court erred in denying the appellant's motion to dismiss on September 12, 1973.

CrR 3.3 provides, in part:

> (a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.
>
> . . . .
>
> (c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

Paragraph (d) which follows lists periods which may be excluded in computing the 60-day period. They do not include periods during which no juries are being called, except as such periods may be excluded on motion of the prosecutor or the court under paragraph (e). Rule 3.3 (d) (3).

Paragraph (f) provides:

**(f) Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

The respondent does not suggest that there was any attempt to comply with the requirements of this rule. Rather it contends that the rules did not apply to the appellant, because they were not in effect when he was arrested, or in the alternative, that he was not prejudiced by the delay.

CrR 1.3 provides:

Except as otherwise provided elsewhere in these rules, on their effective date:

(a) Any acts done before the effective date in any proceedings then pending or any action taken in any proceeding pending under rules of procedure in effect prior to the effective date of these rules and any constitutional right are not impaired by these rules.

It does not appear that any act was done with reference to the setting of the appellant's case prior to the effective date of the rule. The court and the prosecutor were therefore required to abide by the provisions of CrR 1.3 (b), which states:

(b) These rules also apply to any proceedings in court then pending or thereafter commenced regardless of when the proceedings were commenced, except to the extent that in the opinion of the court, the former procedure should continue to be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedures of these rules.

If the trial court delayed the setting of the appellant's case for one of these reasons, the record does not show it. When the court exercises the discretion granted under

these rules, it should make a record of its act and its reason, so that the matter can be subjected to appellate review if proper application is made. It appears to be unquestioned in this case that the trial date was set without reference to the rules, which became effective before the case was set.

■ ■  Dismissal is required under CrR 3.3 (f) if the case is not brought to trial in accordance with the rule. A showing of prejudice to the defendant is unnecessary. Cases such as *State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416 (1963), cited by the respondent, which were decided under the statute which formerly prescribed the rule for speedy trial (RCW 10.46.010), are not applicable. The doctrine of waiver, formerly applied by this court in cases such as *State v. Niblack*, 74 Wn.2d 200, 443 P.2d 809 (1968), is not entirely abrogated. The defendant must move for dismissal prior to going to trial. *See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial* § 4.1 (Approved Draft, 1968). Annot., 57 A.L.R.2d 302, 336, 343 (1958).

The purpose of the rule is to insure speedy justice in criminal cases, insofar as reasonably possible. If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

Since the rule was not complied with in this case and no justification for noncompliance has been shown, we conclude that the court was required to dismiss the action with prejudice. *See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, supra.* The motion for arrest of judgment was therefore improperly denied.

The judgment is reversed and the prosecution is dismissed.

FINLEY, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.

FINLEY, J. (concurring)—Notwithstanding significant legal developments nationally, and despite the thrust of our decisions, particularly in *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 P. 770 (1928), *Holt v. Morris,* 84 Wn.2d 841, 529 P.2d 1081 (1974), and *State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974), the dissent would turn the clock back perhaps 40 years in posing a restrictive, shortsighted, and, I think, rather dubious philosophy regarding the well-established rulemaking power, and the attendant responsibilities, of the Supreme Court. In this process, the dissent, it seems to me, sets up some ostensibly fearsome straw men and then cavalierly rides off in all directions—jousting with windmills—with great gusto, but with more heat than light.

Much of this is essayed, curiously enough, in disregard of the recommendations and standards of the American Bar Association Specal Committee on Minimum Standards for the Administration of Criminal Justice. That committee was composed of a substantial number of the ablest, most experienced, and most highly respected judges, lawyers, and legal scholars in the United States. That committee's reasoning and recommendations are more persuasive and more acceptable to me than the acidulent assertions of the dissent.

Lastly, I think the dissent overlooks the philosophy and impact of certain provisions of the Washington and the United States Constitutions, which in pertinent part read as follows:

> Administration of Justice. Justice in all cases shall be administered openly, and without unnecessary delay.

Const. art. 1, § 10.

> Rights of the Accused. In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury . . .

Const. art. 1, § 22.

> Constitution Mandatory. The provisions of this Consti-

tution are mandatory, unless by express words they are declared to be otherwise.

Const. art. 1, § 29.

Right to Speedy Trial, Witnesses, Etc. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . .

U.S. Const. amend. 6.

I have signed and concur in the majority opinion, especially for the above-indicated reasons.

STAFFORD and BRACHTENBACH, JJ., concur with FINLEY, J.

HALE, C.J. (dissenting)—A good restraint among many to be practiced by the judiciary is to curb its tendency to act as a miniparliament. Not only do the constitutions mandate this, but the common law, and common sense as well, ordains it. Aside from the Bill of Rights, the separation of powers of government into three separate functions probably represents the highest achievement of constitutional theory. A basic tenet of the separation of powers proposition is that legislators shall enact the laws and judges shall interpret, apply and enforce them. In brief, legislators should legislate and judges should adjudicate and neither ought do the other. There is a practical as well as constitutional basis for this idea, I think, because, no matter how great the temptation or exalted the claimed purpose, when courts legislate they usually do a bad job of it—and in the long run invite legislative reprisal.

The court, in my opinion, is without power in this case to order a dismissal with prejudice, because in doing so it not only lays a trap for the prosecution in futuro but unconstitutionally, I think, asserts sub silentio a legislative power in the judiciary to repeal all statutes which substantively control procedures in criminal cases. The court's opinion mistakenly assumes, I think, that, under the rulemaking power, a court by legislating can do most anything.

This case does not deal merely with those minor matters of practice and procedure left by statute ordinarily to the

rulemaking power of the court as authorized in Laws of 1925, 1st Ex. Sess., ch. 118 § 1, p. 187 (RCW 2.04.190); nor with those presumably narrow but rarely applied and still ill-defined concepts of inherent power. Rather, we are dealing with an entire code of criminal procedure adopted not by the legislature and approved by the Governor but by the Supreme Court—a code which, among many other things, purports to control the fundamental and substantive right to a speedy trial and the corresponding power and duty in the State to promote the public safety and welfare by prosecuting all crimes within the period allowed by the statute of limitations. Much of the code of criminal procedure promulgated by this court as the rules of criminal procedure (CrR) is sound and has to do with procedure only; but much of it, in my view, is substantive and trespasses upon the exclusive province of the legislature. The rule here, I think, is one of the latter.

CrR 3.3, I think, trespasses upon the legislative power for it operates to nullify and amend substantive law. A rule of court decreeing that a criminal indictment or information must be dismissed *with prejudice* if not tried within 60 days will, in many cases, abrogate the statute of limitations in cases involving murder, kidnapping, robbery, rape, violent assaults, embezzlements and other larcenies. I think it beyond the power of the courts to adopt such a rule or apply it in a particular case for it works a repealer of long-standing, substantive statutes of criminal law and procedure. In enacting the rule, the court not only strayed from the constitutional outlines of judicial power, but leaped its boundaries.

At the time this action was filed, there was in full force and effect a statute controlling the right to trial within 60 days—a statute which, when challenged, this court had repeatedly upheld and applied. RCW 10.46.010. And there was similarly in full force and effect another statute specifically declaring that any dismissal pursuant to RCW 10.46.010 should be without prejudice. RCW 10.43.010. RCW

10.46.010 has been repeatedly sustained as a constitutional exercise of legislative power; it has survived many demands for a dismissal of criminal charges claimed because of an alleged denial of a right to a speedy trial vouchsafed in the constitution. *State v. Garman,* 76 Wn.2d 637, 458 P.2d 292 (1969); *State v. McEvers,* 76 Wn.2d 34, 454 P.2d 832 (1969); *State v. Jestes,* 75 Wn.2d 47, 448 P.2d 917 (1968); *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968); *State v. Herr,* 70 Wn.2d 446, 423 P.2d 631 (1967); *George v. Day,* 69 Wn.2d 836, 420 P.2d 677 (1966). Only in extreme circumstances and for overwhelming cause should a court by rule junk such a long line of established precedent.

RCW 10.46.010 is an old enactment on the law books of this state substantially in its present form since 1881 (Code of 1881, ch. 66, § 772, p. 158), and states:

> If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown.

RCW 10.46.010. The 60-day statute, of course, must be read in pari materia with RCW 10.43.010 which, in express language, provides that dismissals under RCW 10.46.010 in felony cases shall be without prejudice, as follows:

> An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010, and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; *but in no other case shall such order of dismissal bar another prosecution.*

(Italics mine.) RCW 10.43.010.

Except for this court's purported and questionable repealer or amendment of RCW 10.46.010 and RCW 10.43.010 by CrR 3.3, those statutes stand unrepealed, unabridged and unaltered and should be held to declare the law of this state.

CrR 3.3(f), however, in providing for dismissals *with prejudice* after 60 days, works a repealer of a major segment of RCW 10.46.010 and RCW 10.43.010. CrR 3.3 reads:

**(a) Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

**(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

**(c) Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

**(d) Excluded Periods.** The following periods shall be excluded in computing the time for trial:

(1) All proceedings relating to the competency of the defendant to stand trial.

(2) Preliminary proceedings and trial on another charge.

(3) Delay granted by the court pursuant to section (e).

(4) Delay in justice court resulting from a stipulated continuance made of record.

(5) Delay resulting from the absence of the defendant.

(6) The time between the dismissal and the refiling of the same charge.

**(e) Continuances.** Continuances or other delays may be granted as follows:

(1) On motion of the defendant on a showing of good cause.

(2) On motion of the prosecuting attorney if:

(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

(3) The court on its own motion may continue the case when required in the due administration of justice

and the defendant will not be substantially prejudiced in the presentation of his defense.

(f) **Dismissal With Prejudice.** *A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.*

(Italics mine.)

Laying the statute alongside the rule, it will be noted that this court, under its purported rulemaking power, has not only done serious damage to these statutes (RCW 10.46.010 and RCW 10.43.010), but actually has presumed to repeal that major part of it which provides that dismissals shall not be with prejudice. Thus, in adopting CrR 3.3(f), quashing prosecutions with prejudice, the court not only exceeds its powers and legislates repeal of a statute but invites other problems. The court puts itself in the position where, on future occasions, it will have to direct the quashing of serious criminal prosecutions for light and transient reasons such as the inadvertent lapse of a day or two, or for a delay in which the accused tacitly acquiesces or which he has promoted. Under the rule, mere lapse of time will frequently operate to punish the State and at the same time give the accused an unearned and unwarranted boon.

The statute, I find, better states the policy of the law than does CrR 3.3 which presumes to amend it. Where the statute lays down in straightforward terms the essential conditions upon which a motion to dismiss will lie for want of trial within 60 days by (1) carving out all situations in which the trial has not been postponed upon the accused's own application, and (2) providing for a denial of dismissal of *indictment* or information, *unless good cause to the contrary is shown*, CrR 3.3 promulgated by the court allows for neither such contingency with any practical degree of certainty. The statute on these two points, in my judgment, is thus better drafted and shows a good deal more common sense than the rule.

Dismissal will not lie under RCW 10.46.010 where postponement is due to the defendant's own application. The statute recognizes the fact that, in prosecutions for serious

crimes, actual trial is frequently preceded by a fusilade of motions, demands, applications and challenges and sometimes mere assertions to this and that. Because of the record developed by these practices, it is frequently virtually impossible for the court to fix responsibility for the delay occasioned by them. Yet, under the rule, unless the judge assumes an adversary position—a position I would think both unconstitutional and unjudicial—all doubts will have to be resolved in favor of the accused and the prosecution ordered quashed on the 61st day or thereafter upon the defendant's simple application.

Unlike the rule, the statute does not place nonjudicial duties upon the judges; nor does it make judges responsible for the errors, oversights, mistakes and even intentional acts of nonjudicial personnel. At the same time, the statute preserves to the accused his full capability of enforcing his right to a speedy trial. Under the statute, the accused may always move for a trial at any time within 60 days and for dismissal after 60 days. Unlike the rule, the statute does not set a trap for the judges and the prosecution—a trap now readily to be devised by an accused, who, after making preliminary motions and challenges and remaining silent until the time to spring the trap has come, may, on the 61st day, demand a dismissal with prejudice. Such a motion under the instant opinion will require a rule absolute of dismissal regardless of the severity of the crime charged and the conspiratorial or surreptitious way in which it is alleged to have been committed.

The statute, unlike the rule, does not intrude the judges into the private affairs of the accused and his counsel; nor does it put the judges in charge of the defense, requiring them to make a record, so to speak, of their stewardship over the accused's case; nor does it force the Superior Court to compel the accused to continually demand a continuance or a delay under threatened penalty of being forced to an early, untimely trial. Nor, in the absence of a demand by the accused, does the statute, unlike the rule, compel the judges to assume a supervisory role over the

operations of the prosecuting attorney's office, which, in a large county, usually has hundreds of criminal cases pending and awaiting trial.

CrR 3.3 prejudices the State to the unearned benefit of the accused in cases of inadvertence, mistake or even connivance by the accused when he quietly lets the 60-day period pass before claiming a dismissal on the merits. An example of such a situation may be seen in the case of *State v. Christensen*, 75 Wn.2d 678, 453 P.2d 644 (1969). There, the accused was arrested July 6, 1967, on a justice court felony complaint charging the taking of indecent liberties with a female person under 15 years of age. The accused was immediately admitted to bail and remained at liberty on bail throughout all stages of the case. About 6 weeks after arrest, August 23, 1967, the prosecuting attorney superseded the justice court complaint with an information in Superior Court charging the same felony. Then followed a series of hearings in open court—largely perfunctory in nature—during all of which time the defendant was represented by counsel. A letter from the prosecuting attorney to one of the judges of that judicial district was filed stating that the accused would like to have the case tried that term and advising that another judge of that district had requested counsel to contact the judge for a trial date. The judge to whom the letter was addressed did not recall having received it and, of course, did not, therefore, treat it as a note for the assignment calendar. The case came on routinely for trial setting January 19, 1968, and was set for trial on February 6, 1968.

January 26, 1968, however, after more than 60 days had elapsed from the filing of the information, defendant moved for a dismissal with prejudice both on the grounds of unconstitutional denial of speedy trial and under the 60-day statute. RCW 10.46.010. The trial court granted the dismissal under the statute but refused to make it a dismissal with prejudice. On review, this court unanimously affirmed the proposition that the dismissal had to be without prejudice.

We did not, in that case, pass on the merits of the reasons for the delay but went directly to the point now in issue, saying, *"under the statutes, the court was without jurisdiction to dismiss with prejudice."* (Italics mine.) *State v. Christensen, supra* at 685. We then emphasized the specific language of the statute, RCW 10.43.010, which declared that *"in no other case shall such order of dismissal bar another prosecution."* The essence of the *Christensen* holding, therefore, is that the statutes (RCW 10.46.010 and 10.43.010) represented no mere matter of procedure but the declared basic public policy of this State written into the law by the legislature. The statutes were deemed to state a principle of law affecting substantive rights in the accused and corresponding duties and powers in the State. As such, they are not liable to repeal or amendment by rule of this court.

As a controlling statute of substantive law, the court is and should be without power to repeal them by rule. In *State v. Pavelich,* 153 Wash. 379, 382, 279 P. 1102 (1929), we said that, "A substantive right of a litigant existing under the law cannot be abrogated by courts under the guise of rules of court," and added, "Nor do we believe that the legislature can delegate to the courts, or the courts assume the power, to abrogate substantive law."

The asserted judicial power to amend or repeal the 60-day statute (RCW 10.46.010 and RCW 10.43.010) is now claimed by the court by virtue of RCW 2.04.190:

> The supreme court shall have the power to prescribe, from time to time, the forms of writs and all other process, the mode and manner of framing and filing proceedings and pleadings; of giving notice and serving writs and process of all kinds; of taking and obtaining evidence; of drawing up, entering and enrolling orders and judgments; and generally to regulate and prescribe by rule the forms for and the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature by the supreme court, superior courts and justices of the peace of the state. In prescribing such rules the supreme court shall have regard to the simplification of the system of

pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits.

That statute does not, I think, go beyond the power to prescribe rules of pleading, practice and procedure not directly affecting substantive rights and powers. To decree by rule that a dismissal after 60 days shall be final, *i.e.*, with prejudice, goes, I think, far beyond the intendments of the legislature and the powers of this court.

That the legislature could constitutionally empower the court with more than minor rulemaking authority is doubtful, for the legislative power is a nondelegable power vested by the constitution in the legislature. As was said in *State v. Pavelich, supra* at 383:

> While procedure is, to some extent, broader than practice, it seldom includes substantive rights. When it does, it is by reason of some constitutional or fundamental right. In such case, no rule of court can abolish it. . . . While practice and procedure are not always identical, they are always correlative. One cannot exist without the other.

Thus, rules of court are and should be concerned mostly with procedure and practice, filling in the procedural gaps such as fixing time when the legislature has been silent on the subject, and describing formalities which do not affect the essential mode, method and procedure for trial, and which do not affect the substantial substantive rights of the parties so as to abridge or enlarge legal remedies or defenses thereto. As has been said:

> But the power of a court to prescribe rules of practice does not extend to the creation of a remedy in addition to that prescribed by the legislature.

20 Am. Jur. 2d *Courts* § 84 (1965). Or, as otherwise stated in the foregoing section,

> [a] rule can neither enlarge nor restrict the jurisdiction of a court, nor can a rule abrogate or modify substantive law.

Again, the principle that the courts cannot, by rule, change substantive law is a principle suffusing the law

generally and one to which we should adhere—a principle clearly followed by Mr. Justice Brandeis who, in speaking for the majority in *Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 68 L. Ed. 480, 44 S. Ct. 220 (1924), on the question of Admiralty Rule 50 (promulgated December 6, 1920, 254 U.S. 24 (appendix)), pointed out that, although the function of rules is to regulate the forms, modes and times for proceeding, he explicitly stated that no rule of court can be permitted to abrogate or modify substantive law.

In *Dikkers v. Superior Court*, 88 Cal. App. 2d 816, 199 P.2d 709 (1948), a case having to do with the rule requiring the filing of points and authorities, the court said, at page 818:

> While rules of court may facilitate its business and promote the convenience of litigants, yet acts essential to jurisdiction as fixed by statute may not be modified by rule. . . . Any rule that operates to deprive a party of a statutory right is to that extent void.

In a criminal case, the State is, of course, a party litigant and entitled and obliged to prosecute criminal causes as party plaintiff within the statutory period of limitations and cannot be deprived of jurisdiction except by operation of substantive law. *Accord, In re Estate of Knapp*, 145 Me. 189, 74 A.2d 217 (1950); *Fastenau v. Engel*, 129 Colo. 440, 270 P.2d 1019 (1954). Similarly, in *Curran v. Wooley*, 48 Del. 214, 101 A.2d 303 (1953), *aff'd* 48 Del. 382, 104 A.2d 771 (1954), the court in considering the operation of court rules in habeas corpus proceedings, stated that the remedies afforded by the rules "should be treated as procedural, that is as similar to, but not in lieu of, those remedies afforded by habeas corpus" because otherwise settled principles of law "prohibiting rights of a substantial nature from being altered or otherwise affected by rule of Court would be violated."

Illinois, too, recognizes that statutes are not subject to alteration by the courts and that rules of practice and court rules are limited in their force to matters of form, practice

and procedure and cannot intrude upon matters of substance. Rules of court which impose upon litigants burdens not contemplated by statute are invalid. *Montz v. Lester*, 32 Ill. App. 2d 265, 177 N.E.2d 419 (1961). *Accord, Gair v. Peck*, 6 N.Y.2d 97, 160 N.E.2d 43, 77 A.L.R.2d 390 (1959). And, in *Lundstrom v Lyon*, 86 So. 2d 771 (Fla. 1956), it was said, at page 772:

> Furthermore, it cannot be doubted that courts may not by rule of practice either by statutory or inherent rule making authority, amend or abrogate a right resting in either substantive or adjective law. Sec. 25.03, F.S.A.; Keen v. State, 89 Fla. 113, 103 So. 399; State ex rel. Fisher v. Rowe, 110 Fla. 141, 148 So. 588; Petition of Florida State Bar Association, etc., 145 Fla. 223, 199 So. 57. If Common Law Rule 4 were given the effect of abrogating Sec. 95.01, it would have the effect of altering statutory periods of limitation by court rule contrary to this established proposition.

I would, therefore, uphold the statute as being in full force and effect on the grounds that CrR 3.3(c): (1) constitutes an attempted but unconstitutional judicial repeal of an existing statute; (2) declares substantive law in an area preempted by the legislature in the constitutional exercise of its legislative power; and (3) amounts to a breach of the constitutional separation of powers by working a trespass upon the legislative power in an area in which the legislative power has constitutionally acted.

The judgment of the Superior Court should, therefore, be affirmed.

WRIGHT, J., concurs with HALE, C.J.