Calvin Lee SCOTT, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–186.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., State of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Gary W. Searcy, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Calvin Scott, was convicted of First Degree Rape in the District Court of Pontotoc County in Case No. CRF–83–74. He was sentenced to twenty-five (25) years imprisonment, and he appeals.

Briefly stated the facts are that on August 29, 1982, M.F., who was sleeping with her four-month-old son next to her, was awakened by a noise at the head of her bed, and as she sat up in bed she felt a knife at her throat. She then heard the appellant say, "Don't make any noise or I will kill your baby...." The appellant demanded that she give him her purse and told her that he would not harm her. After M.F. informed him that she did not have any money, the appellant got into bed with her, told her to remove her panties, and raped her. After the assault, which lasted one hour, the appellant departed, and M.F. left the house and went to a relative's home. M.F. could not identify her assailant, but did testify that the attacker was a black man, five (5) feet, eight (8) inches to five (5) feet, eleven (11) inches tall, of medium build, with a mustache.

In January, 1983, Officer Smith of the Ada Police Department received an anonymous telephone call and as a result of the call he went to the county jail and got the appellant and brought him to the police department. The officer testified that he read the appellant his rights and asked him if he would submit to giving head hair, saliva and pubic hair samples. He testified that the appellant consented.

The samples were sent to the Oklahoma State Bureau of Investigation laboratory and were compared to hairs found at the crime scene. The criminologist who performed the comparison testified that the hairs removed from the appellant were mi-

croscopically consistent with the hairs that were removed from the bed sheet at the crime scene.

The appellant testified and denied raping M.F. The appellant further testified that he was in the county jail for a larceny conviction waiting to be sent to a Department of Corrections facility when Officer Smith came to the jail and took him to the police station. He testified that he consented to giving the hair samples; however, he denied that the officer read him his *Miranda* rights.

The appellant contends that the trial court committed reversible error by allowing the introduction of hair sample evidence which was the fruit of an illegal arrest. He argues that the warrantless arrest was illegal because the unexplained and uncorroborated anonymous phone call did not provide probable cause to arrest the appellant. We disagree.

Title 22 O.S.1981, § 186 defines arrest as "the taking of a person into custody, that he may be held to answer for a public offense." In the instant case, the appellant, who was already in custody, was transferred from the county jail to the police station for questioning. We are of the opinion that this action is not an arrest under 22 O.S.1981, § 186. This holding is consistent with similar cases in other jurisdictions. *Cf. United States ex rel. Brown v. Rundle,* 450 F.2d 517 (3rd Cir.1971); *Rigney v. Hendrick,* 355 F.2d 710 (3rd Cir. 1965); *State v. Herr,* 70 Wash.2d 446, 423 P.2d 631 (1967).

The appellant next argues that the sentence imposed was excessive. However, as the sentence imposed is well within the limits prescribed by law, this Court cannot conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Kiser v. State,* 541 P.2d 208 (Okl.Cr.1975).

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.